# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

BOBBY WARD,                                        :

       Plaintiff, :

           :

  -vs-

           :

JOANN B. BARNHART,
COMMISSIONER OF     :
SOCIAL SECURITY[1],
      Defendant. :

Case No. 3:04-cv-383

District Judge Walter Herbert Rice
Chief Magistrate Judge Michael R. Merz

---

## REPORT AND RECOMMENDATIONS

---

  This case is before the Court on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 2412 (d). (Doc. 14). The parties have fully briefed the issues, (*Id.,* Doc.15), and the matter is ripe for Report and Recommendations.

  Plaintiff seeks a total award of $2,883.50 under the Equal Access to Justice Act (EAJA). That fee represents 19.75 hours of work. The Commissioner opposes the award of EAJA fees on the basis that his position was "substantially justified".

  An award of fees may be made under the EAJA in a social security disability action such as the present case. *Jankovich v. Bowen,* 868 F.2d 867 (6ᵗʰ Cir. 1989). The EAJA provides in

---

[1] The Court notes that on February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. See, http://www.ssa.gov/pressoffice/pr/astrue-pr.htm. In accordance with Fed.R.Civ.P. 25(d)(1) and the last sentence of 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as Defendant in this action. However, in accordance with the practice of this Court, the caption remains the same.

relevant part:

### §2412.  Costs and fees

...

(d)(1)(A)  Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

**(B)** A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses ... .

...

**(D)**...
**(2)** For the purposes of this subsection–
    **(A)** "fees and other expenses" includes ... reasonable attorney fees ....

28 U.S.C. §2412.

Thus, in addition to filing a timely application, there are three conditions that must be met in order to recover fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *Willis v. Sullivan,* 931 F.2d 390, 399 (6th Cir. 1991).

For purposes of the EAJA, the term "final judgment" refers to judgments entered by a court of law and does not encompass decisions rendered by an administrative agency. *Melkonyan v. Sullivan,* 501 U.S. 89, 96 (1991).  With respect to Social Security cases, when the time for seeking

appellate review has run, a sentence four judgment fits squarely within the term "final judgment" as used in the EAJA. *Shalala v. Schaefer,* 509 U.S. 292, 298 (1993), *citing, Melkonyan,* 501 U.S. at 102.

Prevailing party status is obtained if the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefit sought in bringing suit and obtaining a sentence four judgment reversing the Commissioner's denial of benefits certainly meets this description. *Schaefer,* 509 U.S. at 302 (citation omitted). In other words, a sentence four remand is a judgment for the plaintiff and a party who wins a sentence four remand order is a prevailing party. *Id.* (citation omitted).

In the context of the EAJA, "substantially justified" has been interpreted as "justified to a degree that could satisfy a reasonable person." *Damron v. Commissioner of Social Security,* 104 F.3d 853, 855 (6th Cir. 1997), *citing, Pierce v. Underwood,* 487 U.S. 552, 565 (1988). The government's position may have been substantially justified even though it was subsequently rejected on judicial review. *See, United States v. Real Property Located at 2323 Charms Rd.,* 946 F.2d 437, 440 (6th Cir. 1991). In other words, the government's position need not have been correct on the merits in order to be substantially justified for purposes of the EAJA. *Jankovich,* 868 F.2d at 870.

The EAJA originally provided that attorney fees be limited to a rate of $75.00 an hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee". 28 U.S.C. §2412(d)(2)(A). On March 29, 1996, Congress increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29, 1996. The Contract with America

Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Secretary of Health and Human Services,* 966 F.2d 196, 199 (6th Cir. 1992). In addition, while recognizing that although adjustments in EAJA fees due to increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, the Sixth Circuit leaves the matter to the sound discretion of the district court. *Id.* (citations omitted). The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. §2412(d)(2)(A).

The Consumer Price Index (CPI) is the best indicator for computing the increase in the cost of living. The CPI All Items Index average was 155.7 in March, 1996, when the statutory cap of $125.00 was set. The CPI All Items Index average for 2004, was 184.00. See, www.bls.gov/cpi. The common ratio of change, then, is 1.18 (184.00 divided by 155.7 rounded to the nearest hundredth). Applying this cost of living increase to the $125.00 per hour statutory cap results in a current hourly rate of $147.50 ($125.00 x 1.18).

There is no dispute that for purposes of the EAJA Plaintiff was the prevailing party or that he timely filed his present Motion. Rather, the Commissioner opposes Plaintiff's Motion only on the grounds that the Commissioner's position was substantially justified within the meaning of the EAJA.

A review of the background of this matter is appropriate.

Plaintiff filed a Complaint in this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security benefits. (Doc. 2). After briefing on the merits, I issued a Report and Recommendations recommending that the Commissioner's decision that

Plaintiff was not disabled be reversed. (Doc. 11). However, I also determined that not all of the factual issues had been resolved and the evidence did not adequately establish Plaintiff's entitlement to benefits. *Id.* Specifically, I determined that the Commissioner erred by rejecting the opinions of Dr. Cataldi and Ms. Waggoner, Plaintiff's treating mental health experts' opinions that Plaintiff was disabled but that there remained a question as to whether Plaintiff's alcohol use was a contributing factor to the determination that Plaintiff was disabled. *Id.* Neither party filed Objections to my Report. District Judge Walter Rice adopted that Report and the Clerk entered judgment in favor of Plaintiff and against the Commissioner reversing the Commissioner's decision. (Doc. 12, 13). In addition, the Court remanded the matter for further proceedings. *Id.*

In my prior Report, I specifically noted that Dr. Cataldi had, in conjunction with Heather Waggoner, been Plaintiff's long-term mental health care provider, that Dr. Cataldi had opined that Plaintiff was *inter alia*, extremely limited in his ability to carry out a normal workday and workweek and that he was unemployable. *Id.* at 10. I also noted that Dr. Cataldi's and Ms. Waggoner's opinions were supported by their clinical notes, were consistent with examining psychiatrist Dr. Moon's opinion as well as with treating physician Dr. Nworkoro's opinion. *Id.* Finally, I noted that the only opinions which arguably conflicted with Dr. Cataldi's and Ms. Waggoner's opinions were the opinions on the non-treating, one-time examining psychologist Dr. Payne and the reviewing mental health experts. *Id.* at 10-11.

Of course, under the law in this Circuit, the opinions of the reviewing experts and an one-time examining expert are not entitled to great weight in light of the opinions rendered by those mental health experts who either treated or examined Plaintiff and whose opinions are supported by their clinical notes as well as by the opinions of other experts of record. *See Rogers v.*

*Commissioner of Social Security,* 486 F.3d 234, 242, (6th Cir. 2007), citing *Wilson v. Commissioner of Social Security,* 378 F.3d 541, 544 (6th Cir. 2004).

In view of the support in the record for Dr. Cataldi's and Ms. Waggoner's opinions, the Commissioner clearly failed to apply the "treating physician" rule in this case. In addition, I note that the Commissioner failed to file any Objections to my prior Report. Under these circumstances, I cannot say that the Commissioner's position was substantially justified for purposes of the EAJA.

Having determined that Plaintiff is entitled to an award of EAJA fees, the next question is whether the requested fee is reasonable. Although the Commissioner opposes the award of EAJA fees on the ground that his position was substantially justified, he has not argued that the requested fee is not reasonable for purposes of the EAJA.

I have carefully reviewed Plaintiff's counsel's affidavit and contemporaneous time records, (Doc. 14, Attachment 1), and conclude that the 19.75.00 attorney for which counsel seeks compensation were reasonable and necessary. In reaching this conclusion, I specifically note that Plaintiff filed a lengthy Statement of Specific Errors as well as a Reply to the Commissioner's arguments in opposition. (Doc. 7, 10).

Finally, I conclude that the $2,883.50 in attorney fees is reasonable. Specifically, the requested fee is for 19.75 attorney hours which translates into an hourly rate of $146.00, a rate within the 2004 statutory cap of $147.50 per hour.

It is therefore recommended that Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, (Doc. 16), be granted in the amount

of $2,883.50.

November 6, 2008.

*s/ Michael R. Merz*
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).